IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV381-03-MU

| | | |
|---|---|---|
| CHARLIE VAYSHONE GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Warden Beeler, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under

42 U.S.C. § 1983, filed September 6, 2005. (Document No. 1. )

Plaintiff's Complaint alleges that the warden at Butner is confining him in prison when he

should actually be free.  Plaintiff alleges that his family had a lawsuit against the Charlotte

Mecklenburg County Jail due to the fact that Plaintiff was not receiving his mail and that an

immediate release order was issued in that case.  Plaintiff claims that Magistrate Judge McKnight

mistakenly sentenced him on 12/16/03 because he did not comply with "the Immediate Release

Order that was issued from the lawsuits."

A review Plaintiff's criminal case record reveals that Plaintiff was Indicted on May 10, 2002

and charged in Count One with selling, distributing or dispensing ecstasy in violation of 21 U.S.C.

841 and 851 and in Count Two with the unlawful transportation of firearms.  See 3:02CR163.

Plaintiff plead guilty to Count One of the Indictment on September 18, 2003 and was sentenced on

December 16, 2003 to 46 months imprisonment to be followed by a term of 6 years of supervised

release.  As an initial matter the Court notes that Plaintiff has not made any connection between his

federal sentence imposed by Magistrate Judge McKnight for his drug conviction and any alleged

lawsuit against the Charlotte Mecklenburg County Jail. Notwithstanding the lack of connection between the two, the Court notes that as of the date of this filing, Plaintiff should still be serving his 46 month sentence.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. The warden at Butner, a federal correctional facility, is not a state actor and therefore cannot be sued under 42 U.S.C. § 1983. Moreover, Warden Beeler, even if he was a state actor, has not violated the law. Plaintiff has been placed at Butner pursuant to a federal sentence and judgment. Warden Beeler does not have the authority to release Plaintiff in light of such a judgment.

In addition, a 1983 action is not the appropriate vehicle to address Plaintiff's claim. "[I]n order to recover damages[1] for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff has not demonstrated that his conviction has been invalidated. Since his claim would necessarily imply the invalidity of his conviction or sentence, this Court must dismiss this § 1983 action. Id.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

---

[1] Plaintiff is not actually seeking damages, but is requesting that he be released from custody.

**Signed: September 13, 2005**

Graham C. Mullen
Chief United States District Judge